# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LADONNA M. MILLER, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-13-302-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

## OPINION AND ORDER

Plaintiff Ladonna M. Miller (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 19, 1974 and was 37 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a nurse's aide. Claimant alleges an inability to work beginning June 1, 2000 due to limitations resulting from vision problems, shortness of breath, headaches, obesity, right shoulder, back, and neck problems,

depression, anxiety, post-traumatic stress disorder ("PTSD"), substance abuse, and asthma.

## Procedural History

On April 15, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application were denied initially and upon reconsideration. On November 16, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Gene Kelly in Tulsa, Oklahoma. A supplemental hearing was held on May 1, 2012. By decision dated May 22, 2012, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on May 15, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform less than a full range of light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate, consider, and weigh the medical evidence; (2) failing to consider all of Claimant's impairments; (3) failing to consider Claimant's obesity; and (4) failing to perform a proper credibility analysis.

**Consideration of the Medical Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of vision problems, shortness of breath, headaches, obesity, right shoulder, back, and neck problems, depression, anxiety, post-traumatic stress disorder ("PTSD"), substance abuse, and asthma. (Tr. 18). The ALJ determined Claimant retained the RFC to perform less than a full range of light work by occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, standing and/or walking for 6 hours in an 8 hour workday at two hour intervals, and sitting for 6 hours in an 8 hour workday. She was able to bend, stoop, squat, kneel, crouch, crawl, push/pull, reach overhead with the right upper extremity and twist her head occasionally. Claimant required a low noise and low light work environment. The ALJ found Claimant should avoid work requiring depth perception and fine vision. She must avoid temperature extremes, humidity, dust, fumes, and chemicals. Claimant was limited to simple repetitive tasks with limited contact with the

public, co-workers, and supervisors. Claimant was found to be afflicted with symptomatology from a variety of sources, mild to moderate chronic pain, which is of sufficient severity as to be noticeable to her at all times but that nonetheless, she would be able to remain attentive and responsive in a work setting and could carry out normal work assignments satisfactorily. Claimant took medication for relief of her symptomatology, but the medications do not preclude her from functioning at the sedentary level as restricted and she would remain reasonably alert to perform required functions presented by her work setting. (Tr. 21).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of mail clerk, and production assembler which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 30). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 30-31).

Claimant contends the ALJ gave the findings of consultative examiner Dr. Larry Vaught "great weight" but failed to incorporate all of his findings. Specifically, Dr. Vaught completed a Medical Source Statement (Mental) on Claimant dated January 12, 2012. He found Claimant was moderately limited in the areas of understanding and remembering complex instructions, carrying out complex instructions, the ability to make judgments on complex work-related decisions, interacting appropriately with supervisors and co-

workers, and responding appropriately to usual work situations and to changes in a routine work setting.  He was found to be markedly limited in interacting with the public.  (Tr. 479-80).

The vocational expert testified that an individual with such limitations on interacting with co-workers and supervisors might get a job but would have difficulty keeping it.  (Tr. 100).

Defendant contends the definition of "moderate" was not presented at the hearing.  The form Dr. Vaught used contained a somewhat different definition than as is usually considered in the Social Security arena.  Nevertheless, the ALJ was responsible for resolving any such conflict in the standard employed.  The fact remains that the vocational expert testified that it would be difficult for a moderately limited individual to keep the job. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).  Either the ALJ failed to adequately consider the full extent of the limitations to which the vocational expert testified or the question posed by counsel did not mirror Claimant's limitations.  In either event, further inquiry of the vocational expert and explanation of the question posed is necessary in order to ascertain the full effect

7

of Claimant's functional limitations. On remand, the ALJ shall incorporate the totality of Dr. Vaught's limitations in his hypothetical questions to the vocational expert.

Claimant also contends the ALJ gave only "some weight" to the opinions of Claimant's counselor, Tracy Settlemyre. The ALJ concluded Ms. Settlemyre's testimony was based upon Claimant's subjective complaints and that Claimant has a tendency to exaggerate. (Tr. 22-23). Ms. Settlemyre testified that her opinions were based largely upon her observations during home visits. (Tr. 70). On remand, the ALJ shall reconsider the weight he afforded Ms. Settlemyre's opinions and the basis for such weight.

**Claimant's Impairments**

Claimant contends the ALJ should have considered the effects of her hand problems, arm pain, left leg pain, and hypertension upon her ability to engage in basic work activity. She asserts the ALJ did not state whether these impairments were severe, non-severe, or medically non-determinable. Claimant also contends these conditions as well as her shortness of breath which was found by the ALJ to be a severe impairment were not addressed in the hypothetical questioning of the vocational expert. The medical record documents the existence of these conditions but not

8

necessarily any functional limitations arising from them. On remand, the ALJ shall insure that these conditions are addressed. He shall expressly state whether they are impairments to Claimant's ability to engage in basic work activities.

### Considering Claimant's Obesity

Claimant speculates that her obesity would restrict her to sedentary work. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id. However,

speculation upon the effect of obesity is discouraged.[2] *See*, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.).

The ALJ stated in his decision that he considered the combined effects of obesity upon other impairments under the requirements of Soc. Sec. R. 02-1p. This Court takes the ALJ at his word that the effects were considered. The medical record does not support the level of functional limitations urged by Claimant. No error is attributed to this issue.

**Credibility Determination**

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

10

any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ found Claimant to be less than credible based largely upon findings by Dr. Vaught and Ms. Settlemyre that Claimant may exaggerate her condition. (Tr. 28). He did not discount all of Claimant's statements. (Tr. 29). The ALJ's credibility analysis has support in the medical record. No error is attributed to this analysis.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE